TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ASHLEY FILLMORE (Cal. Bar No. 332167)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2416
    Facsimile: (213) 894-0141
    E-mail:   ashley.fillmore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
10/20/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00493-DMG |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOHN EDWARD VILLAFRATE |
| v. | |
| JOHN EDWARD VILLAFRATE, | |
| Defendant. | |

1.   This constitutes the plea agreement between JOHN EDWARD VILLAFRATE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   Give up the right to indictment by a grand jury, and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the

LMB
10/18/2021

form attached to this agreement as Exhibit A or a substantially
similar form, which charges defendant with Assault by Striking,
Beating, or Wounding, in violation of 18 U.S.C. § 113(a)(4), a Class
A Misdemeanor.

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained
in this agreement.

       d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

       e.   Agree that all court appearances, including his change
of plea hearing and sentencing hearing, may proceed by video-
teleconference ("VTC") or telephone, if VTC is not reasonably
available, so long as such appearances are authorized by General
Order 20-043 or another order, rule, or statute.  Defendant
understands that, under the Constitution, the United States Code, the
Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),
he may have the right to be physically present at these hearings.
Defendant understands that right and, after consulting with counsel,
voluntarily agrees to waive it and to proceed remotely.  Defense
counsel also joins in this consent, agreement, and waiver.
Specifically, this agreement includes, but is not limited to, the
following:

          i.   Defendant consents under Federal Rules of
Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES
Act to proceed with his initial appearance and arraignment by VTC or
telephone, if VTC is not reasonably available.

2

1                ii.  Defendant consents under Section 15002(b) of the

2 CARES Act to proceed with his change of plea hearing by VTC or

3 telephone, if VTC is not reasonably available.

4                iii. Defendant consents under Section 15002(b) of the

5 CARES Act to proceed with his sentencing hearing by VTC or telephone,

6 if VTC is not reasonably available.

7                iv.  Defendant consents under 18 U.S.C. § 3148 and

8 Section 15002(b) of the CARES Act to proceed with any hearing

9 regarding alleged violations of the conditions of pretrial release by

10 VTC or telephone, if VTC is not reasonably available.

11       f.  Not commit any crime or act constituting obstruction

12 of justice; however, offenses that would be excluded for sentencing

13 purposes under United States Sentencing Guidelines ("U.S.S.G." or

14 "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this

15 agreement.

16       g.  Be truthful at all times with Pretrial Services, the

17 United States Probation Office, and the Court.

18       h.  Pay the applicable special assessment at or before the

19 time of sentencing unless defendant lacks the ability to pay and

20 prior to sentencing submits a completed financial statement on a form

21 to be provided by the USAO.

22       i.  Agree to and not oppose the imposition of the

23 following conditions of probation or supervised release:

24                i.  Defendant shall not knowingly contact, or attempt

25 to contact, the victim, or the victim's family, including but not

26 limited to the victim's parents, siblings, other relatives, any

27 spouse or significant other with whom the victim may share an

28 intimate relationship, directly or indirectly by any means, including

but not limited to in person, by mail, telephone, email, text
message, or other electronic means, or through a third party. With
respect to defendant's and victim's children, defendant agrees to
abide by any Family Court Order regarding custody and visitation
present or in the future;

ii.   Defendant shall not attempt to locate the victim
or the victim's family, or attempt to obtain information concerning
the whereabouts, phone numbers, email addresses, or other personal
identifiers of the victim or the victim's families.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement.

c.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and, if necessary, move for an additional one-level
reduction if available under that section.

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of
the crime charged in the single-count information, that is, Assault
by Striking, Beating, or Wounding, in violation of Title 18, United
States Code, Section 113(a)(4), the following must be true: (1)
defendant assaulted victim P.V. by intentionally striking, beating,
or wounding her; and (2) the assault took place on federal
jurisdiction.

1

PENALTIES AND RESTITUTION

2    5.    Defendant understands that the statutory maximum sentence

3  that the Court can impose for a violation of Title 18, United States

4  Code, Section 113(a)(4) is: one year of imprisonment; a one-year

5  period of supervised release; a fine of $100,000; and a mandatory

6  special assessment of $25.

7    6.    Defendant understands that the statutory mandatory minimum

8  sentence that the Court must impose for a violation of Title 18,

9  United States Code, Section 113(a)(4) is: a term of probation not

10  exceeding five years; and a mandatory special assessment of $25.

11    7.    Defendant understands that supervised release is a period

12  of time following imprisonment during which defendant will be subject

13  to various restrictions and requirements. Defendant understands that

14  if defendant violates one or more of the conditions of any supervised

15  release imposed, defendant may be returned to prison for all or part

16  of the term of supervised release authorized by statute for the

17  offense that resulted in the term of supervised release, which could

18  result in defendant serving a total term of imprisonment greater than

19  the statutory maximum stated above.

20    8.    Defendant understands that defendant will be required to

21  pay full restitution to the victim of the offense to which defendant

22  is pleading guilty. Defendant agrees that, in return for the USAO's

23  compliance with its obligations under this agreement, the Court may

24  order restitution to persons other than the victim of the offense to

25  which defendant is pleading guilty and in amounts greater than those

26  alleged in the count to which defendant is pleading guilty. In

27  particular, defendant agrees that the Court may order restitution to

28  any victim of any of the following for any losses suffered by that

victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.

9.    Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

10.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights.  Specifically, defendant understands that, by pleading guilty to a misdemeanor crime of domestic violence (i.e., any crime—including assault, battery, or other offenses—with a penalty of one year or less that involved the use or attempted use of physical force or the threatened use of a deadly weapon against a spouse, intimate partner, child, stepchild, or victim with a similar relationship to defendant), it is unlawful for defendant to possess or purchase a firearm, including a rifle, pistol, or revolver, or ammunition, pursuant to federal law under 18 U.S.C. § 922(g)(9) and/or applicable state law.  Defendant further understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

1    11.   Defendant understands that, if defendant is not a United
2    States citizen, the conviction in this case may subject defendant to:
3    removal, also known as deportation, which may, under some
4    circumstances, be mandatory; denial of citizenship; and denial of
5    admission to the United States in the future. The court cannot, and
6    defendant's attorney also may not be able to, advise defendant fully
7    regarding the immigration consequences of the conviction in this
8    case. Defendant understands that unexpected immigration consequences
9    will not serve as grounds to withdraw defendant's guilty plea.

10                              FACTUAL BASIS

11    12.   Defendant admits that defendant is, in fact, guilty of the
12    offense to which defendant is agreeing to plead guilty. Defendant and
13    the USAO agree to the statement of facts provided below and agree
14    that this statement of facts is sufficient to support a plea of
15    guilty to the charge described in this agreement and to establish the
16    Sentencing Guidelines factors set forth in paragraph 14 below but is
17    not meant to be a complete recitation of all facts relevant to the
18    underlying criminal conduct or all facts known to either party that
19    relate to that conduct.

20    On July 13, 2021, in Los Angeles County, defendant intentionally
21    assaulted his spouse, victim P.V., by striking, beating, and wounding
22    her. Specifically, defendant assaulted P.V. by intentionally slamming
23    a wooden door on P.V.'s body and head. The injury inflicted by
24    defendant resulted in a laceration on P.V.'s face and bruising on
25    P.V.'s arm, leg, and face.

26    Defendant committed the foregoing assault while present within
27    the territorial jurisdiction of the United States, namely, at
28    Reservation Point on Terminal Island, which is within the exclusive

7

1   jurisdiction of the United States.

2   SENTENCING FACTORS

3      13.   Defendant understands that in determining defendant's
4   sentence the Court is required to calculate the applicable Sentencing
5   Guidelines range and to consider that range, possible departures
6   under the Sentencing Guidelines, and the other sentencing factors set
7   forth in 18 U.S.C. § 3553(a). Defendant understands that the
8   Sentencing Guidelines are advisory only, that defendant cannot have
9   any expectation of receiving a sentence within the calculated
10  Sentencing Guidelines range, and that after considering the
11  Sentencing Guidelines and the other § 3553(a) factors, the Court will
12  be free to exercise its discretion to impose any sentence it finds
13  appropriate up to the maximum set by statute for the crime of
14  conviction.

15     14.   Defendant and the USAO agree to the following applicable
16  Sentencing Guidelines factors:

17     Base Offense Level:          7          U.S.S.G. § 2A2.3(a)(1)
18  Defendant and the USAO reserve the right to argue that additional
19  specific offense characteristics, adjustments, and departures under
20  the Sentencing Guidelines are appropriate.

21     15.   Defendant understands that there is no agreement as to
22  defendant's criminal history or criminal history category.

23     16.   Defendant and the USAO reserve the right to argue for a
24  sentence outside the sentencing range established by the Sentencing
25  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
26  (a)(2), (a)(3), (a)(6), and (a)(7).

27

28

1

## WAIVER OF CONSTITUTIONAL RIGHTS

2      17.   Defendant understands that by pleading guilty, defendant

3  gives up the following rights:

4           a.    The right to persist in a plea of not guilty.

5           b.    The right to a speedy and public trial by jury.

6           c.    The right to be represented by counsel -- and if

7  necessary have the court appoint counsel -- at trial. Defendant

8  understands, however, that, defendant retains the right to be

9  represented by counsel -- and if necessary have the court appoint

10 counsel -- at every other stage of the proceeding.

11          d.    The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14          e.    The right to confront and cross-examine witnesses

15 against defendant.

16          f.    The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19          g.    The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22          h.    Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed.

25                ## WAIVER OF APPEAL OF CONVICTION

26     18.   Defendant understands that, with the exception of an appeal

27 based on a claim that defendant's guilty plea was involuntary, by

28 pleading guilty defendant is waiving and giving up any right to

1   appeal defendant's conviction on the offense to which defendant is

2   pleading guilty. Defendant understands that this waiver includes, but

3   is not limited to, arguments that the statute to which defendant is

4   pleading guilty is unconstitutional, and any and all claims that the

5   statement of facts provided herein is insufficient to support

6   defendant's plea of guilty.

7       LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

8       19.   Defendant agrees that, provided the Court imposes a total

9   term of imprisonment within or below the range corresponding to an

10  offense level of 7 and the criminal history category calculated by

11  the Court, defendant gives up the right to appeal all of the

12  following: (a) the procedures and calculations used to determine and

13  impose any portion of the sentence; (b) the term of imprisonment

14  imposed by the Court, including, to the extent permitted by law, the

15  constitutionality or legality of defendant's sentence, provided it is

16  within the statutory maximum; (c) the fine imposed by the court,

17  provided it is within the statutory maximum; (d) the term of

18  probation or supervised release imposed by the Court, provided it is

19  within the statutory maximum; (e) the amount and terms of any

20  restitution order; and (f) any of the following conditions of

21  probation or supervised release imposed by the Court: the conditions

22  set forth in General Order 20-04 of this Court; the drug testing

23  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

24  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

25  and the condition that defendant shall not contact, directly or

26  indirectly, victim P.V, and any conditions of probation or supervised

27  release agreed to by defendant in paragraph 2 above.

28

20.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

21.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a total term of imprisonment within or above the range corresponding to an offense level of 7 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant

13

1  understands that no one -- not the prosecutor, defendant's attorney,

2  or the Court -- can make a binding prediction or promise regarding

3  the sentence defendant will receive, except that it will be within

4  the statutory maximum.

5                        NO ADDITIONAL AGREEMENTS

6       29.  Defendant understands that, except as set forth herein,

7  there are no promises, understandings, or agreements between the USAO

8  and defendant or defendant's attorney, and that no additional

9  promise, understanding, or agreement may be entered into unless in a

10 writing signed by all parties or on the record in court.

11            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

12      30.  The parties agree that this agreement will be considered

13 part of the record of defendant's guilty plea hearing as if the

14 entire agreement had been read into the record of the proceeding.

15 AGREED AND ACCEPTED

16 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
17 CALIFORNIA

18 TRACY L. WILKISON
   Acting United States Attorney

19

20                                           10-19-21
   _____          _____
   ASHLEY FILLMORE                           Date
21 Assistant United States Attorney

22                                           10-18-21
   _____          _____
   JOHN EDWARD VILLAFRATE                    Date
23 Defendant

24                                           10-18-21
   _____          _____
   NEHA CHRISTERNA                           Date
25 Deputy Federal Public Defender
   Attorney for Defendant
26 JOHN EDWARD VILLAFRATE

27

28

                                  14

1

<u>CERTIFICATION OF DEFENDANT</u>

2     I have read this agreement in its entirety. I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney. I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement. No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement. No one has threatened or forced me in

14 any way to enter into this agreement. I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charges and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19 _____      10-18-21 _____

20 JOHN EDWARD VILLAFRATE      Date
Defendant

21

22

23

24

25

26

27

28

1                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am JOHN EDWARD VILLAFRATE's attorney. I have carefully and

3     thoroughly discussed every part of this agreement with my client.

4     Further, I have fully advised my client of his rights, of possible

5     pretrial motions that might be filed, of possible defenses that might

6     be asserted either prior to or at trial, of the sentencing factors

7     set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8     provisions, and of the consequences of entering into this agreement.

9     To my knowledge: no promises, inducements, or representations of any

10    kind have been made to my client other than those contained in this

11    agreement; no one has threatened or forced my client in any way to

12    enter into this agreement; my client's decision to enter into this

13    agreement is an informed and voluntary one; and the factual basis set

14    forth in this agreement is sufficient to support my client's entry of

15    a guilty plea pursuant to this agreement.

16    _____        10/18/21
                                                  _____
17    NEHA CHRISTERNA                             Date
      Deputy Federal Public Defender
18    Attorney for Defendant
      JOHN EDWARD VILLAFRATE
19

20

21

22

23

24

25

26

27

28

# Exhibit A

1

2

3

4

5

6

7

**FILED**
CLERK, U.S. DISTRICT COURT

10/20/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          No. 2:21-cr-00493-DMG

11          Plaintiff,                  I N F O R M A T I O N

12          v.                          [18 U.S.C. § 113(a)(4): Assault by
                                        Striking, Beating, or Wounding]
13   JOHN EDWARD VILLAFRATE,
                                        [CLASS A MISDEMEANOR]
14          Defendant.

15

16       The United States Attorney charges:

17              [18 U.S.C. § 113(a)(4)]

18       On or about July 13, 2021, in Los Angeles County, within the

19   Central District of California, and within the special territorial

20   jurisdiction of the United States, namely, Reservation Point on

21   Terminal Island in Long Beach, California, defendant JOHN EDWARD

22   VILLAFRATE intentionally assaulted victim P.V. by intentionally

23   //

24   //

25   //

26   //

27   //

28

striking, beating, and wounding P.V., specifically by slamming a door on P.V.'s body and head.

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ASHLEY FILLMORE
Assistant United States Attorney
General Crimes Section

**CERTIFICATE OF SERVICE**

I, **Mercedes Romero**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☒ Via email, as follows:

☐ By Federal Express, as follows:

**Neha_christerna@fd.org**

This Certificate is executed on **October 20, 2021**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Mercedes Romero*

Mercedes Romero
Legal Assistant